UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gerald Rudell Williams, # 21405, | ) C/A No. 8:13-2673-JMC-JDA |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) Report and Recommendation |
| vs. | ) of |
| | ) Magistrate Judge |
| Ervin J. Maye, *Assistant Solicitor*; | ) |
| Lt. Charles B. Padget, *Saluda County* | ) |
| *Sheriff Officer*, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## *Background of this Case*

Plaintiff is a pre-trial detainee at the Laurens County Detention Center.  In the above-captioned case, Plaintiff has brought suit against an Assistant Solicitor for the Eleventh Judicial Circuit and a Lieutenant employed by the Saluda County Sheriff's Office.

The "STATEMENT OF CLAIM" portion of the Section 1983 Complaint reveals that this civil rights action arises out of Plaintiff's criminal case currently pending in the Court of General Sessions for Saluda County.  Plaintiff alleges or contends: (1) on April 13, 2012, Lieutenant Padget, through unlawful use of legal process, falsified and fabricated a statement by altering what was already stated in the incident report from Deputy Grenier and Deputy Morelli concerning a Tec. -9 mm pistol [Doc. 1 at 2]; (2) Lieutenant Padget wrongfully charged Plaintiff with possession of a firearm [*id.*]; (3) no follow-up investigation was conducted after Plaintiff was charged with possession of a firearm and three counts

of attempted murder [*id.*]; (4) Plaintiff suffered harm "under 42 U.S.C. § 3789d[c] and seeks relief under color of state law, for compensations" [*id.*]; (5) Plaintiff has continued to suffer harm from Defendant Maye [*id.* at 3]; (6) Plaintiff seeks a stay until the criminal case is terminated [*id.*]; (7) Defendant Maye deprived Plaintiff of a preliminary hearing [*id.*]; (8) Defendant Maye presented charges of possession of a firearm, three counts of attempted murder, and malicious injury to property to the Grand Jury without any evidence [*id.*]; (9) Plaintiff was wrongfully indicted [*id.*]; (10) Plaintiff filed a speedy trial motion on November 8, 2012 [*id.* at 4]; and (11) due to "Sheer ill will," Defendant Maye "Proves the four Element [*sic*] of proof to be a fact of improper purpose." [*id.*].  In his prayer for relief, Plaintiff seeks four million dollars in damages for unjustified arrest, malicious prosecution, lost wages, slander, mental stress, and false imprisonment [*id.* at 5].

## *Discussion*

**Standard of Review for *Pro Se* Complaints**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v.*

---

[1]Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 680–84 (2009). Even when considered under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**Requirements for a Cause of Action Under Section 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

**The Complaint Fails to State a Claim Against Defendant Padget**

Although false arrest is a facially valid civil rights claim, see *Wallace v. Kato*, 549 U.S. 384 (2007), Plaintiff's claim for false arrest fails because Plaintiff was arrested pursuant to an arrest warrant. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) ("[A] claim for false arrest may be considered only when no arrest warrant has been obtained."); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181–82 (4th Cir. 1996) (determining that when the arresting official makes the arrest with a facially valid warrant, it is not false arrest). Moreover, the issuance of the indictment in Plaintiff's state court case precludes Plaintiff's claims of false arrest and malicious prosecution because a grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983. *See Gatter v. Zappile*, 67

F. Supp. 2d 515, 519 (E.D. Pa. 1999) (collecting cases holding that a grand jury indictment is affirmative evidence of probable cause), *aff'd*, 225 F.3d 648 (3d Cir. 2000); *see also Provet v. South Carolina*, No. 6:07-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007) ("A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983.").[2] As a result, the above-captioned case need not be stayed until Plaintiff's criminal case is concluded because Plaintiff fails to state claim against Defendant Padget.

**Defendant Maye is Immune from Suit**

Defendant Maye, who is an Assistant Solicitor for the Eleventh Judicial Circuit, is immune from suit with respect to charges that he presented to the Grand Jury. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. Const. art. V, § 24; and S.C. Code Ann. § 1-7-310 (Westlaw 2013). Prosecutors, such as Defendant Maye, have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 344–49 (2009); and *Dababnah v. Keller-Burnside*, 208 F.3d 467, 471–72 (4th Cir. 2000).

---

[2]The Court notes that Plaintiff seeks damages for slander and mental stress. An alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983. *Paul v. Davis*, 424 U.S. 693, 702 & n. 3 (1976). Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), Plaintiff is not entitled to damages or relief for mental stress. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 558–59 (D.S.C. 2008) (collecting cases).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. It is also recommended that Plaintiff's request for a stay of this case be denied. Plaintiff's attention is directed to the Notice on the next page.

October 15, 2013                                  s/Jacquelyn D. Austin
Greenville, South Carolina                  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).